## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## FOR A SEARCH WARRANT

I, Michael J. Belleau, depose and state as follows:

## AGENT BACKGROUND

1.      I am a State Trooper with the New Hampshire State Police and have been employed by the New Hampshire Department of Safety since December of 2012. Prior to my present employment, I was employed by the City of Somersworth as a full-time Police Officer from September 2007 to December 2012. I received my Bachelor's Degree in Criminal Justice Studies from St Anselm College in May of 2005. I have been certified as a full-time police officer after receiving my certification in January 2008, as a member of the 145th Police Academy class from the Police Standards and Training Council in Concord, NH. I have since attended the New Hampshire State Police Basic Drug Investigation Course, the United States Drug Enforcement Administration Basic Drug Identification Course, Traps and Hides School by the Drug Enforcement Administration, and the Federal Bureau of Investigation's Regional Undercover School. I was assigned to the New Hampshire State Police Narcotic Investigations Unit as a Detective from 2016 until February of 2022, before being assigned as a Task Force Officer to the Federal Bureau of Investigation (FBI) Major Offender Task Force (MOTF), where I am currently assigned.

2.      As a Task Force Officer of the MOTF, I am tasked with investigating violent criminals, gang members, and significant drug traffickers throughout the state. As part of the MOTF, I work alongside law enforcement officers from various local, state, and federal agencies throughout the state of New Hampshire. I maintain active Title 21 and Title 18 deputations sponsored by the FBI.

3. Throughout my career, I have led and/or been involved with investigations of drug distribution and other offenses. My investigations have included the use of the following investigative techniques: physical surveillance; handling of cooperating sources and witnesses; execution of search and seizure warrants; and the execution of arrest warrants. Based on my training, experience, and information provided to me by other law enforcement officers, I am familiar with the modus operandi used by individuals engaged in the commission of various criminal offenses, such as those related to controlled substance violations.

## PURPOSE OF AFFIDAVIT

4. I submit this affidavit in support of an application for a warrant to search the following:

   a. Brown, cardboard box with a UPS shipping label bearing tracking number 1ZA9830W8477735558, which was provided by UPS to the FBI on November 8, 2022 in Manchester, New Hampshire ("Target Package").

5. Based on the information contained herein, there is probable cause to believe that the Target Package, described in Attachment A, contains evidence, fruits, and/or instrumentalities as further described in Attachment B of the crimes of 21 U.S.C. §§ 841 & 846 [Distribution of Controlled Substances, Conspiracy to Distribute Controlled Substances] committed by Alton RYAN (YOB: 1973) and others.

6. The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, and information received from other law enforcement officers. I have not set forth every detail I or other law enforcement officers know about this investigation but have set forth facts that I believe are sufficient to evaluate probable cause as it relates to the issuance of the requested warrant.

## **PROBABLE CAUSE**

7.      On November 8, 2022, I met with a Confidential Human Source (CHS#1)[1] who provided information on a male subject in Concord, NH area who is currently distributing large amounts of heroin/fentanyl and methamphetamine throughout the State of New Hampshire. CHS#1 identified the male as RYAN. I am familiar with ("Alton") RYAN as a long-time drug distributor throughout NH and have received information regarding his illicit drug distribution from other informants as well as other law enforcement sources. A review of RYAN's criminal history shows a long history of drug related offenses to include a conviction of Delivery of Articles in 2020. RYAN also has multiple drug convictions from 2016 and 2018.

8.      CHS#1 informed me that approximately one week ago, RYAN fronted it approximately 50 grams of heroin/fentanyl and 70 grams of methamphetamine while at an automotive shop in the Hall St area of Concord, NH. CHS#1 advised that the business is managed by a female named Serene HULL. According to CHS#2, it believes that RYAN and HULL live at the auto shop because they have personal belongings at the auto shop. This information is corroborated by law enforcement officers observations of RYAN's vehicle at Northern European Automotive Inc., an automotive shop located at 126 Hall St Unit A, Concord NH, where it is believed he conducts some of his drug distribution activities.

9.      CHS#1 advised that when it arrived at the auto shop it met with RYAN in the room behind the front counter of the shop. CHS#1 observed RYAN remove a bag of methamphetamine from a large Rubbermaid tote style container, which contained large amounts of additional gallon

---

[1] CHS#1 is cooperating with law enforcement in exchange for the consideration of leniency in a currently uncharged criminal case of possessing controlled substances with the intent to distribute. CHS#1's criminal history includes convictions for the following offenses: Controlled Drug violations (2008, 2015, 2017, 2018); Criminal Trespass (2016, 2017, 2018); Willful Concealment (2012); Disobeying Officer (2012, 2018); Simple Assault (2016); Breach of Bail (2016); Theft by Unauthorized Taking (2014); and miscellaneous motor vehicle violations

freezer type bags of methamphetamine. RYAN then provided CHS#1 with the bag of methamphetamine and instructed CHS#1 to weigh out the agreed upon amount. CHS#1 weighed out approximately 70 grams of methamphetamine and retained it. RYAN then also provided CHS#1 with the 50 grams of heroin/fentanyl.

10. On or about November 7, 2022, CHS#1 returned to the auto shop, HULL told CHS#1 that she thought RYAN was done using the auto shop as a distribution hub, but another "delivery" had arrived earlier in the day. CHS#1 believed HULL's reference to the delivery was an indication that controlled substances had been shipped to the auto shop. Due to my training and experience I am aware that methamphetamine dealers in New Hampshire typically receive large amounts of methamphetamine via shipments through the United States Postal Service (USPS), United Parcel Service (UPS), and/or FedEx. These methamphetamine shipments typically originate from west coast sources. Conversely, I am aware that drug traffickers will oftentimes ship currency back to the west coast sources using USPS, UPS, and/or FedEx. Many times these packages are sent to both commercial or residential addresses utilizing fictitious names.

11. On November 8, 2022, MOTF Task Force Officer Richard Fosher received information from CHS#2[2] also related to RYAN and the auto shop. CHS#2 stated that it had just left the auto shop. CHS#2 advised that while at the auto shop, it purchased 1 ounce of methamphetamine from HULL for $500. Based on a conversation with Serene Hull's boyfriend, Andrew MITZA, CHS#2 advised that it believed that the methamphetamine that it purchased was a portion of MITZA's which was obtained from RYAN when RYAN gave MITZA one pound of

---

[2] CHS#2 is cooperating with law enforcement in exchange for the consideration of leniency in pending criminal cases in New Hampshire state courts. CHS#2's criminal history includes convictions for the following offenses: Controlled Drug violations (2017, 2018, 2019); False Report (2011); Disorderly Conduct (2014); Theft by Deception (2016, 2018); Unauthorized Use of Rental Vehicle (2017); Criminal Trespass (2018); Willful Concealment (2018); Receiving Stolen Property (2018); Disobeying Officer (2019); and miscellaneous motor vehicle violations.

methamphetamine. According to CHS#2, MITZA[3] told CHS#2 that he received drugs from RYAN.

12.     CHS#2 also advised that while at the auto shop, it observed HULL and another female named "Alyssa" unboxing and disassembling a new Farberware pressure cooker. It should be noted that CHS#2 and HULL have had a friendly relationship for months but this was the first time that CHS#2 had met "Alyssa." Furthermore, CHS#2 advised that the females were removing a portion of the interior components of the pressure cooker and packing it with U.S. currency as well as coffee grinds.[4] CHS#2 asked why the two were shipping coffee and it was advised that it "goes around the money." CHS#2 advised that it also observed silver mylar packaging being inserted in the pressure cooker. Due to my training and experience, I know drug distributers to package both drugs as well as illegal drug proceeds with coffee grinds in efforts to mask the odor to deter detection by law enforcement K9s.

13.     CHS#2 advised that while the females were packaging the money and coffee grinds, RYAN called on speakerphone to speak with the females and asked when the package was going to be dropped at UPS.

14.     After hearing RYAN on the speakerphone, CHS#2 volunteered to drop the package off at the UPS facility located at 75 South Main St in Concord, NH and subsequently did so. CHS#2 advised that once at the shipping facility the package was re-boxed due to the original box being flimsy. Photographs of the shipping label were obtained from CHS#2. The shipping label destination was listed as 4667 East Gage Ave, Bell, CA and was in the name of Norma Rios. A

---

[3] Detective Phillip Rizzi of Concord Police Department informed me that on Monday, November 7, 2022, MITZA overdosed on heroin/fentanyl at the auto shop and Concord Police Department responded. Medical personnel administered Narcan and revived MITZA.  HULL was uncooperative with responding officers, and would not allow them to enter the auto shop. Det. Rizzi also informed me that RYAN's vehicle that he is known to operate, a silver Audi TT, was pulled out of the garage and parked behind the auto shop.
[4] The females did not put the $500 paid by CHS#2 in the pressure cooker.

google search of the address was completed and the location appeared to be an empty parking lot. The shipper information listed on the label was Joel Jones with an address of 39 Pleasant Hill Rd, Deerfield, NH. A check of the address showed no one by the name of Joel Jones at that address. Consequently, I believe both the shipper and recipient details are fictitious, which I know based on training and experience, is a common tactic used by individuals shipping contraband.

15. After receiving the package information from CHS#2, law enforcement contacted UPS and informed them of the belief that the package contained drug proceeds. UPS stated the package had already departed the Concord UPS store and was located at their warehouse in Manchester, NH. UPS stated they would voluntarily provide the package to law enforcement. I then visited the UPS warehouse in Manchester and a UPS representative provided me with the package.

16. For the reasons described above, I believe the Target Package contains evidence of RYAN's violations of 21 U.S.C. §§ 841 & 846 [Distribution of Controlled Substances, Conspiracy to Distribute Controlled Substances]. Specifically, I believe the package contains currency generated by RYAN's sale of controlled substances.

## SEALING REQUEST

17. I submit that there is reasonable cause to seal all documents related to this warrant because I believe premature disclosure may cause adverse results, including endangering the safety of cooperating witnesses or law enforcement agents, flight of RYAN from prosecution, and destruction of evidence.

## CONCLUSION

18. For all the reasons described above, I submit that there is probable cause to believe that evidence, fruits, and/or instrumentalities of the violations of 21 U.S.C. §§ 841 & 846

[Distribution of Controlled Substances, Conspiracy to Distribute Controlled Substances] committed by RYAN, and others will be found by searching the Target Package, further described in Attachment A.

/s/ Michael J. Belleau
Michael J. Belleau, Task Force Officer
Federal Bureau of Investigation

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: **Nov 10, 2022**
Time: **3:49 PM, Nov 10, 2022**

HONORABLE ANDREA K. JOHNSTONE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
### Item to be Searched

Brown, cardboard box with a UPS shipping label bearing tracking number 1ZA9830W8477735558, which was provided by UPS to the FBI on November 8, 2022 in Manchester, New Hampshire ("Target Package").




**ATTACHMENT B**
**Items to be Seized**

The following items which constitute evidence, fruits, or instrumentalities of violations of 21 U.S.C. §§ 841 & 846 [Distribution of Controlled Substances, Conspiracy to Distribute Controlled Substances]: Currency; contraband; items and materials used to conceal currency or contraband; documentation related to shipment of the package and the identification of the sender and recipient; and correspondence between the sender and recipient.